IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(TRENTON VICINAGE)

| | | |
|---|---|---|
| **LAUREN ROMANO,** *Plaintiff* | : : : : | |
| v. | : : | |
| **WAWA, INC.,** *Defendant* | : : : : : | **CIVIL ACTION NO.:** **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

### I.   PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of Plaintiff, Lauren Romano ("Plaintiff Romano"), a former employee of Defendant, Wawa, Inc. ("Defendant"), who has been harmed by the Defendant's unlawful employment actions, as set forth herein below.

2. This action is brought under the Americans with Disabilities Act, 42 U.S.C. §621 et seq. ("ADA") and the New Jersey Law Against Discrimination N.J. Stat. §10:5-1 et seq. ("NJLAD").

### II.   JURISDICTION AND VENUE:

3. The original jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff Romano's claims are substantively based on the ADA.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Romano's claims arising under the NJLAD.

1

5. All conditions precedent to the institution of this suit have been fulfilled. On October 22, 2020, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action.

### III. PARTIES:

7. Plaintiff, Lauren Romano ("Plaintiff Romano"), is a twenty-seven (27) year old female individual and citizen of the State of New Jersey, residing therein at 9 Lakeview Drive, Trenton, New Jersey 08620.

8. Defendant, Wawa, Inc. ("Defendant"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining its principal place of business at 260 W. Baltimore Pike, Media, Pennsylvania 19063, and also maintaining a place of business located at 2004 Nottingham Way, Hamilton Township, New Jersey 08619.

9. At all times relevant hereto, the Defendant acted through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been has been a "person" and "employer" as defined under the ADA and the NJLAD, and has been, and is, subject to the provisions of each said Act.

## IV.  STATEMENT OF FACTS:

11. Plaintiff Romano was employed by the Defendant from in or about June of 2012 until on or about April 8, 2020, the date of her unlawful termination.

12. During the course of her employment with the Defendant, Plaintiff Romano held the position of Customer Service Associate and at all times maintained an excellent job performance rating in said capacity. As evidence thereof, Plaintiff Romano received stellar annual performance reviews and was compensated accordingly.

13. By way of background, in or about 2005, Plaintiff Romano was diagnosed with Anxiety Disorder and Depression Disorder. Said medical conditions constitute disabilities under the ADA and NJLAD in that they substantially impair one or more of Plaintiff Romano's major life activities, including, but not limited to, sleeping, concentrating, interacting with others, and caring for herself.

14. On or about March 4, 2020, Michele Adams ("Adams"), General Manager, commenced a medical leave of absence from work. In connection thereto, Victoria Monaco ("Monaco"), Assistant General Manager, assumed the role of acting General Manager at Plaintiff Romano's store.

15. Shortly following Monaco's arrival, the Defendant, through its agents, servants, and employees, began to discriminate against and harass Plaintiff Romano on the basis of her actual and/or perceived disabilities and/or record of impairments (Anxiety Disorder and Depression Disorder).

16. By way of example, on the first day of Monaco's arrival, Monaco repeatedly interrogated Plaintiff Romano as to why she acted so "grumpy," presumably

3

because of Plaintiff Romano's limited socialization with others due to her disabilities. Significantly, at no time did Plaintiff Romano's disabilities adversely impact her ability to interact with colleagues or customers in a professional manner or impact her ability to perform the essential functions of her job.

17. In or about the week of March 9, 2020, Plaintiff Romano disclosed to Monaco that she suffers from Anxiety Disorder and Depression Disorder and explained that said disabilities impact Plaintiff Romano's interactions with others. Plaintiff Romano disclosed said disabilities and/or record of impairments in hopes that Monaco would cease and desist in making derogatory references to Plaintiff Romano's disabilities.

18. Notwithstanding Plaintiff Romano's disclosure, Monaco's comments and adverse treatment of Plaintiff Romano became more frequent, thereby exacerbating Plaintiff Romano's disabilities and causing her to suffer severe emotional distress.

19. In or about March of 2020, as Plaintiff Romano interacted with a customer at Respondent's deli, Monaco approached and interrupted Plaintiff Romano, stating, "Lauren, you need to smile," in reference to side-effects of Plaintiff Romano's disabilities. Enrique Rodriguez ("Rodriguez"), Customer Service Associate, witnessed said incident.

20. On or about March 17, 2020, Monaco made a comment to Christina Steinetz ("Steinetz"), Customer Service Associate, stating "Lauren was Mr. Grumpy Gills all day today," in reference to her disabilities. In response, Steinetz reminded Monaco that Complainant's disabilities impact her mood.

21. As further harassment, on or about March 20, 2020, Monaco condescendingly asked Plaintiff Romano, "Why are we Grumpy Gills today?" Plaintiff Romano assured Monaco that she was fine.

22. Moreover, on or about March 24, 2020, Monaco again berated Plaintiff Romano based on her disabilities and demanded that she "stop being so grumpy and put on a customer service face." At all times, Plaintiff Romano performed her customer service responsibilities in a dutiful and competent manner and any critique regarding her performance of said duties was unjustified and based on Plaintiff Romano's disabilities.

23. Throughout the rest of Plaintiff Romano's tenure with the Defendant, Monaco continued to harass Plaintiff Romano as to why she seemed so "grumpy" and demanded that Plaintiff Romano "smile more." Notably, Monaco never made similar comments to other non-disabled Customer Service Associates.

24. On or about April 8, 2020, Monaco abruptly terminated Plaintiff Romano's employment, allegedly due to a violation of company rules or health code regulations. Plaintiff's termination, without any prior progressive discipline, failed to conform with the Defendant's progressive disciplinary policy.

25. Significantly, at no time prior to her termination did the Defendant ever counsel or issue Plaintiff Romano any disciplinary warnings for any alleged violation of company rules or health code regulations.

26. Upon information and belief, Melanie Peterson ("Peterson"), Customer Service Associate, a non-disabled individual, has violated numerous rules and health code regulations and currently remains in the Defendant's employ. By way of example,

between late March and early April of 2020, Steinetz and Rodriguez witnessed Peterson add a new bag of macaroni and cheese on top of an expired batch to serve to customers in violation of Defendant's Food Safety Policy. Rodriguez and Steinetz independently reported said violation to Monaco. Similarly, between late March and early April of 2020, Steinetz reported Peterson for serving expired chicken strips to Melanie O'Shea ("O'shea"), Fresh Food Manager, and Craig York ("York"), Assistant General Manager. Upon information and belief, Defendant declined to address said violations with Peterson or take remedial action pursuant thereto. Further, Defendant has since promoted Peterson to the position of Lead Customer Service Assistant.

27. Plaintiff Romano believes and therefore avers that the Defendant's articulated reason for her termination was pretextual and that the Defendant actually terminated her employment due to her actual and/or perceived disabilities and/or record of impairments (Anxiety Disorder and Depression Disorder).

## COUNT I
### (ADA – Hostile Work Environment, Disability Discrimination)
### Plaintiff Romano v. Defendant

28. Plaintiff Romano incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth at length herein.

29. The actions of the Defendant, through its agents, servants and employees, as aforesaid, in subjecting Plaintiff Romano to a hostile work environment and discrimination on the basis of her actual and/or perceived disabilities and/or record of impairments (Anxiety Disorder and Depression Disorder), constituted violations of the ADA.

30. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Romano sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus of future earning power, plus back pay, and front pay and interest due thereon.

31. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Romano suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (NJLAD – Disability Discrimination)
### Plaintiff Romano v. Defendant

32. Plaintiff Romano incorporates by references paragraphs 1 through 31 of this Complaint as though fully set forth at length herein.

33. The actions of the Defendant, through its agents, servants and employees, as aforesaid, in subjecting Plaintiff Romano to a hostile work environment and discrimination on the basis of her actual and/or perceived disabilities and/or record of impairments (Anxiety Disorder and Depression Disorder), constituted violations of the NJLAD.

34. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff Romano sustained permanent and irreparable harm, resulting in the loss of her employment, which

caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

35. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff Romano suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### PRAYER FOR RELIEF

36. Plaintiff Romano incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Romano requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a. Defendant compensate Plaintiff Romano with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination;

b. Defendant compensate Plaintiff Romano with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Romano punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Romano pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Romano demands trial by jury.

                                  SIDNEY L. GOLD & ASSOCIATES, P.C.

BY:   /s/ Traci Greenberg, Esquire
         TRACI GREENBERG, ESQUIRE
         N.J. I.D. NO.: 029712000
         1835 Market Street, Suite 515
         Philadelphia, PA 19103
         (215) 569-1999
         **Attorney for Plaintiff**

DATED: 01/14/2021

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.

DATE: Nov 25, 2020

_Lauryn Romano (Nov 25, 2020 15:39 EST)_
LAUREN ROMANO, PLAINTIFF